**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| JEFFREY HESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Case No. 3:23-cv-50106 |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS


INTRODUCTION .......... 1

BACKGROUND .......... 1

ARGUMENT .......... 3

I. Plaintiff's Claims Are Preempted by the Energy Policy and Conservation Act .......... 3

II. Plaintiff's Implied Warranty Claims Must Be Dismissed (Counts I and III) .......... 4

A. Plaintiff Lacks Privity of Contract with Samsung .......... 4

B. The Express Written Warranty Bars Plaintiff's Implied Warranty Claims .......... 5

C. Plaintiff's Range Was Merchantable at the Time of Sale .......... 6

D. Plaintiff's Fitness for a Particular Purpose Claim Is Inadequately Pled .......... 7

E. Plaintiff's MMWA Claim Fails .......... 7

III. Plaintiff's ICFA and Fraudulent Omission Claims Fail (Counts II and IV) .......... 8

A. Plaintiff's ICFA and Fraudulent Omission Claims Based on Misrepresentations and Omissions Fail to Allege the Requisite Intent .......... 8

B. Plaintiff Does Not Plausibly Allege an Omission Claim Under the ICFA or for Fraudulent Omission .......... 9

1. Plaintiff Fails to Plausibly Allege the Existence of a Defect in His Range .......... 9

2. Plaintiff's Omissions Claims Fail to Allege Samsung's Pre-Sale Knowledge of the Alleged Defect .......... 10

3. Plaintiff's Fraudulent Omission Claim Fails to Allege a Duty to Disclose .......... 10

4. Plaintiff Does Not Plausibly Allege an Actionable Omission Under the ICFA .......... 11

C. Plaintiff's ICFA Claim Fails for Additional Pleading Deficiencies .......... 11

IV. Plaintiff's Quasi-Contract Claim Fails .......... 13

V. Plaintiff Lacks Standing to Assert Claims for Non-Purchased Products .......... 14

VI. Plaintiff Lacks Standing to Seek Injunctive Relief .......... 15

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABN Amro, Inc. v. Cap. Int'l Ltd.*,
2007 WL 845046 (N.D. Ill. Mar. 16, 2007)....5

*Arizona v. United States*,
567 U.S. 387 (2012)....3

*Baldwin v. Star Sci., Inc.*,
78 F. Supp. 3d 724 (N.D. Ill. 2015)....7

*CA Acquisition, LLC v. Key Brands Int'l, Ltd.*,
2016 WL 427572 (N.D. Ill. Feb. 4, 2016)....7

*Cal. Rest. Ass'n v. City of Berkeley*,
65 F.4th 1045 (9th Cir. 2023)....4

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014)....8, 13, 15

*Cameron v. Battery Handling Sys., Inc.*,
524 F. Supp. 3d 860 (C.D. Ill. 2021)....5, 7

*Chiappetta v. Kellogg Sales Co.*,
2022 WL 602505 (N.D. Ill. Mar. 1, 2022)....11, 15

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011)....13

*Curtis v. 7-Eleven, Inc.*,
2022 WL 4182384 (N.D. Ill. Sept. 13, 2022)....15

*Darne v. Ford Motor Co.*,
2015 WL 9259455 (N.D. Ill. Dec. 18, 2015)....5

*Darne v. Ford Motor Co.*,
2017 WL 3836586 (N.D. Ill. Sept. 1, 2017)....11

*Doe v. Columbia Coll. Chi.*,
933 F.3d 849 (7th Cir. 2019)....5

*Fleury v. Gen. Motors LLC*,
2023 WL 1450284 (N.D. Ill. Feb. 1, 2023)....11

*Fryman v. Atlas Fin. Holdings, Inc.*,
2022 WL 1136577 (N.D. Ill. Apr. 18, 2022) ....................2

*Fullerton v. Corelle Brands, LLC*,
2019 WL 4750039 (N.D. Ill. Sept. 30, 2019) ....................7

*Goldberg v. 401 N. Wabash Venture LLC*,
755 F.3d 456 (7th Cir. 2014) ....................13

*Gouwens v. Target Corp.*,
2022 WL 18027524 (N.D. Ill. Dec. 30, 2022) ....................11

*Gubala v. Allmax Nutrition, Inc.*,
2015 WL 6460086 (N.D. Ill. Oct. 26, 2015) ....................14

*Halperin v. Int'l Web Servs., LLC*,
123 F. Supp. 3d 999 (N.D. Ill. 2015) ....................13

*Harris v. Kashi Sales, LLC*,
609 F. Supp. 3d 633 (N.D. Ill. 2022) (Johnston, J.) ....................7, 8, 9

*Hedrick v. BSH Home Appliance Corp.*,
No. 23-CV-358 (C.D. Cal.) ....................1

*Hoagland v. Town of Clear Lake, Ind.*,
415 F.3d 693 (7th Cir. 2005) ....................3

*Hodorovych v. Dollar Gen. Corp.*,
2023 WL 3602782 (N.D. Ill. May 23, 2023) ....................8, 15

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
483 F. Supp. 3d 838 (C.D. Cal. 2020) ....................9

*In re Herbal Supplements Mktg. & Sales Pracs. Litig.*,
2017 WL 2215025 (N.D. Ill. May 19, 2017) ....................15

*James v. City of Evanston*,
2021 WL 4459508 (N.D. Ill. Sept. 29, 2021) ....................2

*Lambert v. Dollar Gen. Corp.*,
2017 WL 2619142 (N.D. Ill. June 16, 2017) ....................6

*Lantz v. Am. Honda Motor Co.*,
2007 WL 1424614 (N.D. Ill. May 14, 2007) ....................13, 14

*Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*,
946 F. Supp. 1358 (N.D. Ill. 1996) ....................6

*Liston v. King.com, Ltd.*,
254 F. Supp. 3d 989 (N.D. Ill. 2017) .....12

*Miller v. William Chevrolet/GEO, Inc.*,
762 N.E.2d 1 (Ill. App. Ct. 2001) .....11

*Munch v. Sears, Roebuck & Co.*,
2008 WL 4450307 (N.D. Ill. Sept. 30, 2008) .....10

*New England Speed Factory, LLC v. Snap-On Equip., LLC*,
430 F. Supp. 3d 377 (N.D. Ill. 2019) .....6

*O'Brien v. Landers*,
2011 WL 221865 (N.D. Ill. Jan. 24, 2011) .....9

*O'Connor v. Ford Motor Co.*,
477 F. Supp. 3d 705 (N.D. Ill. 2020) .....12, 13

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) .....9

*Porter v. NBTY, Inc.*,
2016 WL 6948379 (N.D. Ill. Nov. 28, 2016) .....14

*Prescott v. Argen Corp.*,
2014 WL 4638607 (N.D. Ill. Sept. 17, 2014) .....5

*Punian v. Gillette Co.*,
2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .....9

*Rodriguez v. Ford Motor Co.*,
596 F. Supp. 3d 1050 (N.D. Ill. 2022) .....5, 8, 11

*Schwebe v. AGC Flat Glass N. Am., Inc.*,
2013 WL 2151551 (N.D. Ill. May 16, 2013) .....10

*Snyder v. Komfort Corp.*,
2008 WL 2952300 (N.D. Ill. July 30, 2008) .....13

*Solvay USA v. Cutting Edge Fabrication, Inc.*,
521 F. Supp. 3d 718 (N.D. Ill. 2021) .....7

*Spector v. Mondelez Int'l, Inc.*,
178 F. Supp. 3d 657 (N.D. Ill. 2016) .....12

*Toulon v. Cont'l Cas. Co.*,
877 F.3d 725 (7th Cir. 2017) .....10, 11

*Voelker v. Porsche Cars N. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) ....................5

*Wilkinson v. I.Q. Data Int'l, Inc.*,
2022 WL 4094133 (N.D. Ill. Sept. 7, 2022) (Johnston, J.)....................5

**Statutes**

42 U.S.C. § 6291(4) ....................4

42 U.S.C. § 6297(c) ....................3, 4

Ill. Comp. Stat. 5/2-314....................6

Ill. Comp. Stat. 5/2A-214....................5

**Other Authorities**

*CPSC Approves Request for Information on Gas Stove Hazards and Potential Solutions*,
U.S. Consumer Prod. Safety Comm'n (Mar. 1, 2023), https://www.cpsc.gov/s3fs-public/RTstatementonRFI.pdf?VersionId=WBU8qinroWsBxDdgxLOJeoFx52Ec5dFc..........2

Request for Information on Chronic Hazards Associated With Gas Range and
Proposed Solutions, 88 Fed. Reg. 14,150, 14,150 (Mar. 7, 2023)....................2

Statement of Chair Alexander Hoehn-Saric Regarding Gas Stoves,
U.S. Consumer Prod. Safety Comm'n (Jan. 11, 2023), https://www.cpsc.gov/About-CPSC/Chairman/Alexander-Hoehn-Saric/Statement/Statement-of-Chair-Alexander-Hoehn-Saric-Regarding-Gas-Stoves....................2

## INTRODUCTION

Plaintiff filed a complaint seeking damages for claims regarding his Samsung gas range. But Plaintiff does not allege that his Samsung gas range fails to cook food. Nor does he allege that he or anyone in his household has suffered any physical injury from cooking with his range. In fact, he does not even allege that his gas range was somehow different from any other manufacturers' gas ranges. Rather, Plaintiff filed this fraud and breach of warranty action—one of several similar actions filed by his attorneys in courts around the country against other gas-stove manufacturers—on the theory that he would not have bought his gas stove if he had been warned about the stove's purported hazardous emissions, a "defect" that Plaintiff alleges apparently permeates *all* gas stoves, ranges, and ovens, and has apparently existed since gas ranges were invented. Plaintiff's claims are implausible and fail for a multitude of reasons. First, they are expressly preempted by the Energy Policy and Conservation Act. Second, Plaintiff has failed to allege any facts plausibly establishing the existence of a specific defect in his gas range, let alone that Samsung had pre-sale knowledge of any such defect. Finally, Plaintiff's implied warranty and equitable claims fail due to numerous pleading inadequacies. Accordingly, the Complaint should be dismissed with prejudice.

## BACKGROUND

This action is rooted in the theory that every natural gas-fired stove, range, and oven ever sold in the United States by any home appliance manufacturer and used by "[a]bout 40% of American households" suffers from a "serious defect" that causes the appliances to emit "harmful" "air pollutants," including nitrogen oxides, that are "linked" to asthma and other serious health complications. ECF No. 1 ("Compl.") ¶¶ 1, 22, 30 (quotation marks omitted). Plaintiff's counsel,

in at least four other lawsuits filed this year against other manufacturers,[1] allege that the home appliance industry has known about the purported "defect," that gas-fired-appliance emissions are linked to health risks, from publicly available publications "since the 1980s," which "large companies like [Samsung] routinely" "monitor[] and keep[] track." *See id.* ¶¶ 20–25.

The U.S. Consumer Product Safety Commission ("CPSC"), the federal agency charged with protecting the public from unreasonable safety risks associated with consumer products, has been studying the health effects of exposure to gas-fired appliance emissions, including nitrogen dioxide, since as early as 1982, and has not yet identified any such hazard linked to these products.[2] Indeed, the CPSC continues to "research[] gas emissions in stoves and explor[e] new ways to address health risks."[3] To that end, it recently published a notice of request for information, soliciting comments on chronic hazards associated with gas ranges, which closed on May 8, 2023.[4]

Plaintiff Jeffrey Hess, an Illinois resident, alleges that he bought a single Samsung gas range for approximately $850 from Home Depot on May 21, 2021 for the "only intended use" of "cooking inside the home." Compl. ¶¶ 14, 36 & n.28. Plaintiff does not allege that his range has

---

[1] *See Hedrick v. BSH Home Appliance Corp.*, No. 23-CV-358 (C.D. Cal.); *Drake v. Haier US Appliance Solutions Inc.*, No. 23-CV-939 (N.D. Cal.); *Sherzai v. LG Elecs. USA, Inc.*, No. 23-CV-429 (E.D. Cal.); *Bankhurst v. Sub-Zero Grp. Inc., et al.*, No. 23-CV-253 (W.D. Wis.). Plaintiff's counsel voluntarily dismissed the case against LG after LG moved to compel arbitration. *See Sherzai*, ECF No. 17.

[2] *CPSC Approves Request for Information on Gas Stove Hazards and Potential Solutions*, U.S. Consumer Prod. Safety Comm'n (Mar. 1, 2023), https://www.cpsc.gov/s3fs-public/RTstatementonRFI.pdf?VersionId=WBU8qinroWsBxDdgxLOJeoFx52Ec5dFc (attached as Exhibit A to the Declaration of Valarie Hays). The Court may take judicial notice of the CPSC Commissioner's statement published on an official government website as a matter of public record. *See, e.g.*, *Fryman v. Atlas Fin. Holdings, Inc.*, 2022 WL 1136577, at *7 (N.D. Ill. Apr. 18, 2022) (taking judicial notice of content on state government websites); *James v. City of Evanston*, 2021 WL 4459508, at *7 n.3 (N.D. Ill. Sept. 29, 2021) (taking judicial notice of content on local government website).

[3] Statement of Chair Alexander Hoehn-Saric Regarding Gas Stoves, U.S. Consumer Prod. Safety Comm'n (Jan. 11, 2023), https://www.cpsc.gov/About-CPSC/Chairman/Alexander-Hoehn-Saric/Statement/Statement-of-Chair-Alexander-Hoehn-Saric-Regarding-Gas-Stoves (attached as Exhibit B to the Declaration of Valarie Hays). This statement is judicially noticeable. *See supra* note 2.

[4] Request for Information on Chronic Hazards Associated With Gas Range and Proposed Solutions, 88 Fed. Reg. 14,150, 14,150 (Mar. 7, 2023).

ever failed, that it has been unable to cook food, or that he has even stopped using it. Nor does Plaintiff allege that he or anyone in his household has suffered adverse health effects from using the range. Nonetheless, Plaintiff alleges, without identifying any specific statement or advertisement, that he "relied on the representations on the marketing materials and online product page disclosing risks," which omitted the existence of an unidentified "defect" causing his range—and *all* gas appliances—to "emit[] harmful pollutants." *Id.* ¶¶ 1, 37. According to Plaintiff, he "would not have purchased" his range "had he known that it emitted harmful pollutants." *Id.* ¶ 38.

Plaintiff asserts a violation of the Magnuson-Moss Warranty Act ("MMWA") on behalf of himself and a national class of purchasers of every Samsung gas range, stove, and oven ever sold. He also alleges breach of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), breach of implied warranty of merchantability and fitness for a particular purpose, fraudulent omission, and quasi-contract on behalf of himself and an Illinois class of purchasers of every Samsung gas range, stove, and oven.

## ARGUMENT

### I. Plaintiff's Claims Are Preempted by the Energy Policy and Conservation Act

The Supremacy Clause provides Congress with the power to preempt state law. *Arizona v. United States*, 567 U.S. 387, 399 (2012). "Express preemption occurs when a federal statute explicitly states that it overrides state or local law." *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 696 (7th Cir. 2005). The Energy Policy and Conservation Act ("EPCA") contains an express preemption clause that bars state regulation concerning the energy use of a "covered product," including gas ranges. 42 U.S.C. § 6297(c). Enacted in 1975, the EPCA "provide[s] for improved energy efficiency of motor vehicles, major appliances, and certain other consumer products." *Id.* § 6201(5). The EPCA covers various consumer products, including "[k]itchen ranges and ovens." *Id.* § 6292(a)(10).

The Ninth Circuit recently applied the EPCA to preempt a local building code's prohibition on installing natural gas pipes. *Cal. Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045, 1048 (9th Cir. 2023). The EPCA's preemption clause provides that "no State regulation concerning the energy efficiency, energy use, or water use of such covered product shall be effective with respect to such product," when there is a federal energy conservation standard for it. 42 U.S.C. § 6297(c). Focusing on the EPCA's plain meaning, the Ninth Circuit held that the law preempted any "'State regulation concerning the . . . energy use . . . of such covered product,'" including regulations relating to "'the quantity of [natural gas] directly consumed by' certain consumer appliances at the place where those products are used," such as a "total ban" from using natural gas appliances. *Id.* at 1050–51 (quoting 42 U.S.C. § 6297(c)). The Ninth Circuit then concluded that, because the building code prohibited the natural gas piping necessary to run covered natural gas appliances, it indirectly prohibited the ***use*** of natural gas appliances—precisely what the EPCA preempts. *Id.*

This preempts all of Plaintiff's state-law claims, which, at their core, seek to regulate and reduce natural gas levels generated by gas appliances in homes. *See* 42 U.S.C. § 6297(c); *Cal. Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045, 1050–51 (9th Cir. 2023). Plaintiff alleges that his gas-powered range emits levels of toxins that are too high because the range consumes too much natural gas. *See* Compl. ¶ 26. Indeed, he alleges Samsung should have used a "safe[r], reasonable alternative design[]" that "consume[s] about 40% less natural gas" to "reduce harmful emissions." *Id.* ¶¶ 26, 27. Plaintiff's claims thus seek to reduce "the quantity of energy [(*i.e.*, natural gas)] directly consumed by a [range] at point of use." 42 U.S.C. § 6291(4). Such claims "wade[] into a domain preempted by Congress" and must be dismissed. *Cal. Rest. Ass'n*, 65 F.4th at 1048.

## II. Plaintiff's Implied Warranty Claims Must Be Dismissed (Counts I and III)

### A. Plaintiff Lacks Privity of Contract with Samsung

There is no contractual privity between Plaintiff and Samsung, and therefore Plaintiff's

implied warranty claims fail as a matter of law. Illinois law makes "privity of contract . . . a prerequisite to recover economic damages for breach of implied warranty." *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (holding implied warranties claim was properly dismissed where plaintiff lacked privity of contract with the defendant). Plaintiff "must be in vertical privity of contract with the seller: only the immediate seller may be sued." *Cameron v. Battery Handling Sys., Inc.*, 524 F. Supp. 3d 860, 865 (C.D. Ill. 2021) (quotation marks omitted); *accord Prescott v. Argen Corp.*, 2014 WL 4638607, at *4 (N.D. Ill. Sept. 17, 2014) (dismissing implied warranty claim where plaintiff did not allege purchasing product directly from manufacturers and distributors); *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1056 (N.D. Ill. 2022) (same where plaintiff bought vehicle from independent dealer, not defendant manufacturer). Plaintiff bought his range at Home Depot, an independent third-party, and not from Samsung. *See* Compl. ¶ 36. Accordingly, his implied warranty claims must be dismissed.

**B. The Express Written Warranty Bars Plaintiff's Implied Warranty Claims**

Plaintiff's implied warranty claims also fail under the conspicuous terms of his range's express written warranty. It is well-settled that Illinois allows disclaimer of implied warranties if the "disclaimer was in writing and conspicuous, and . . . expressly mentioned merchantability." *Voelker*, 353 F.3d at 526 (citing 810 Ill. Comp. Stat. 5/2A-214). Samsung's one-year express warranty validly disclaimed and limited any implied warranties after one year. Plaintiff's range came with a user manual, which includes a chapter called "**Warranty (U.S.A.),**" displayed prominently in large, bold font. Decl. of Artur Wojcik, Ex. 1 at 44.[5] The Limited Warranty

[5] The Court may consider the Limited Warranty when ruling on this motion because it is "central to [plaintiff's] claim." *See Wilkinson v. I.Q. Data Int'l, Inc.*, 2022 WL 4094133, at *1 (N.D. Ill. Sept. 7, 2022) (Johnston, J.); *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019). Courts routinely consider contractual documents not attached to the complaint when adjudicating motions to dismiss. *See, e.g.*, *Darne v. Ford Motor Co.*, 2015 WL 9259455, at *1 n.2 (N.D. Ill. Dec. 18, 2015) (considering warranty); *ABN Amro, Inc. v. Cap. Int'l Ltd.*, 2007 WL 845046, at *5–6 (N.D. Ill. Mar. 16, 2007) (considering contracts).

includes a separate subheading in bold, all-capitalized text titled "**EXCLUSION OF IMPLIED WARRANTIES**," and underneath it states in all capitalized text: "IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO ONE YEAR." *Id.* at 45.

This disclaimer is conspicuous, and courts have routinely enforced similar disclaimers and limitations on the duration of implied warranties. *See, e.g.*, *Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358, 1363 (N.D. Ill. 1996) (dismissing merchantability claim where "the waiver provision in the purchase contract . . . plainly excludes all express and implied warranties not explicitly set forth in the contract"); *New England Speed Factory, LLC v. Snap-On Equip., LLC*, 430 F. Supp. 3d 377, 383–84 (N.D. Ill. 2019) (dismissing merchantability and fitness claims where lease disclaimed those warranties). Plaintiff purchased his range in May 2021, but did not file his Complaint until March 2023, well after the one-year express warranty expired. Compl. ¶ 36. The Court should, therefore, dismiss Plaintiff's implied warranty claims.

### C. Plaintiff's Range Was Merchantable at the Time of Sale

Plaintiff's implied warranty of merchantability claim also must be dismissed because he fails to allege that his gas stove was unsalable at the time of purchase. "Goods to be merchantable must be," among other things, "fit for the ordinary purpose for which such goods are used." 810 Ill. Comp. Stat. 5/2-314. Plaintiff alleges that "the only intended use for [Samsung's] Products is for cooking inside the home" and that the alleged "defect in design making [the stove] emit health-harming pollutants when used to cook inside the home" renders the range "unfit" for cooking. *Id.* ¶¶ 14, 58. But Plaintiff fails to allege facts plausibly establishing that his range could not be used for its ordinary purpose right *now*, much less at the time of sale. He does not even allege that he has stopped cooking with his range today. Courts routinely dismiss such claims based on similar conclusory allegations, and this Court should do the same here. *See, e.g.*, *Lambert v. Dollar Gen.*

*Corp.*, 2017 WL 2619142, at *4 (N.D. Ill. June 16, 2017) (dismissing merchantability claim where plaintiff "fatally neglect[ed] to plead" how product could not be used for its ordinary purpose); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741–42 (N.D. Ill. 2015) (same where complaint did "not allege in what way the product was ineffective" in performing ordinary purpose).

**D. Plaintiff's Fitness for a Particular Purpose Claim Is Inadequately Pled**

Plaintiff's particular purpose claim also fails because he does not allege that he bought his range for any particular purpose separate and apart from the product's ordinary purpose. *See Cameron*, 524 F. Supp. 3d at 869 (dismissing particular purpose claim where plaintiff "failed to allege a particular purpose which differs from the ordinary purpose for which the goods are used" (quotation marks omitted)); *CA Acquisition, LLC v. Key Brands Int'l, Ltd.*, 2016 WL 427572, at *3 (N.D. Ill. Feb. 4, 2016) (same). Plaintiff alleges that he bought his range "for the particular purpose of cooking inside the home"—which is precisely the "ordinary purpose" of the range. *Compare* Compl. ¶ 61, *with id.* ¶ 14. Even if Plaintiff had adequately pled a "particular purpose," the claim still fails because he does not allege facts showing that Samsung "had reason to know of the particular purpose for which [he] required the goods." *See Solvay USA v. Cutting Edge Fabrication, Inc.*, 521 F. Supp. 3d 718, 727 (N.D. Ill. 2021) (quotation marks omitted).

**E. Plaintiff's MMWA Claim Fails**

Plaintiff also alleges a MMWA claim, yet the MMWA merely "provides federal jurisdiction for plaintiffs to assert warranty claims but does not provide substantive rights." *Fullerton v. Corelle Brands, LLC*, 2019 WL 4750039, at *8 (N.D. Ill. Sept. 30, 2019). Because Plaintiff's state-law warranty claims fail, the MMWA claim too fails. *See Harris v. Kashi Sales, LLC*, 609 F. Supp. 3d 633, 643 (N.D. Ill. 2022) (Johnston, J.) ("If there are no viable claims for breach of express or implied warranty . . . there can be no cause of action under [the MMWA].").

## III. Plaintiff's ICFA and Fraudulent Omission Claims Fail (Counts II and IV)

Plaintiff's claims under the ICFA and for fraudulent omission, each of which sound in fraud, do not satisfy Rule 9(b)'s heightened pleading requirements for fraud claims. *Rodriguez*, 596 F. Supp. 3d at 1056–58 (applying Rule 9(b) to ICFA and fraudulent omission claims). Heightened pleading requires, at a minimum, that Plaintiff allege "the who, what, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quotation marks omitted). To state a claim for fraudulent omission, a plaintiff must allege that the defendant "concealed a material fact which he had a duty to disclose to plaintiff . . . with the intention to deceive [the plaintiff]." *Rodriguez*, 596 F. Supp. 3d at 1057–58. To state an ICFA claim, a plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Hodorovych v. Dollar Gen. Corp.*, 2023 WL 3602782, at *2 (N.D. Ill. May 23, 2023). Deceptive affirmative statements or omissions may underly an ICFA claim. *Rodriguez*, 596 F. Supp. 3d at 1057. Plaintiff's fraud claims are pled in such a bare and conclusory fashion that they are wholly inadequate in meeting Rule 9(b)'s heightened pleading standard.

### A. Plaintiff's ICFA and Fraudulent Omission Claims Based on Misrepresentations and Omissions Fail to Allege the Requisite Intent

Plaintiff fails to allege that Samsung acted with the requisite intent necessary to assert a fraud claim. Indeed, this Court recently dismissed a fraud claim for failure to adequately plead "fraudulent intent," finding it "simply unreasonable to infer that because [defendant] allegedly should have known the statements on its label were inaccurate, it intended [to] deceive [plaintiff] and other consumers." *Harris*, 609 F. Supp. 3d at 644. Here, Plaintiff alleges only that Samsung was aware of the defect, omitted the information, and intended that consumers rely on the

omission. *See* Compl. ¶ 77. Like in *Harris*, such conclusory allegations do not plausibly evince Samsung's intent, and the Court must dismiss Plaintiff's fraud claims. *See also, e.g.*, *O'Brien v. Landers*, 2011 WL 221865, at *5 (N.D. Ill. Jan. 24, 2011) (dismissing ICFA claim for failure to allege "in detail facts surrounding defendant's fraudulent intent to deceive plaintiff").

### B. Plaintiff Does Not Plausibly Allege an Omission Claim Under the ICFA or for Fraudulent Omission

#### 1. Plaintiff Fails to Plausibly Allege the Existence of a Defect in His Range

Plaintiff does not allege facts plausibly suggesting that his gas range suffers from a defect, much less particularized facts under Rule 9(b). Specifically, Plaintiff alleges that Samsung "should have, but did not, warn consumers" that all of its gas-fired appliances suffer from an alleged "defect" that causes them to "emit harmful nitrogen oxides and pollutants." Compl. ¶¶ 30, 31. But a plaintiff cannot merely describe a product's performance problems to sufficiently identify a defect that the defendant allegedly failed to disclose with particularity. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 847 (C.D. Cal. 2020) (collecting cases). Nor can a plaintiff allege fraud "based on secondhand information that he believes to be true." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (quotation marks omitted). While Plaintiff repeatedly recites the effects of the alleged defect in gas-fired appliance emissions that are allegedly "hazardous to human health," Plaintiff's claims are entirely based on secondhand publications he simply believes are true. *See* Compl. ¶¶ 16–26. Nor has Plaintiff "identified a *particular* design or manufacturing defect and described the connection between [that] defect and the harm to the plaintiff." *Punian v. Gillette Co.*, 2016 WL 1029607, at *13–14 (N.D. Cal. Mar. 15, 2016) (emphasis added) (dismissing for failure to allege "any systematic design, technical, manufacturing, or other flaw present"). At a minimum, Plaintiff's vague allegations of potential risks apparently stemming

from all gas-fired appliances manufactured by every home appliance company does not amount to particularized pleading of a defect in *his* Samsung gas range. Plaintiff's failure to adequately allege the existence of a defect dooms his ICFA omission and fraudulent omission claims.

**2. Plaintiff's Omissions Claims Fail to Allege Samsung's Pre-Sale Knowledge of the Alleged Defect**

Fraud by omission requires proof that the defendant had knowledge of the fact at issue 'in order to be able to conceal it." *Schwebe v. AGC Flat Glass N. Am., Inc.*, 2013 WL 2151551, at *5 (N.D. Ill. May 16, 2013); *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 737–39 (7th Cir. 2017) (affirming dismissal of fraudulent omission claim for failing to adequately allege pre-sale knowledge). In this case, Plaintiff fails to plead any facts plausibly establishing that Samsung had knowledge of the alleged "defect" in his range, namely that his range "emitted health-harming pollutants including nitrogen dioxides" (Compl. ¶¶ 75–77), prior to Plaintiff's range purchase in May 2021. Plaintiff merely assumes—without any particularized factual support—that Samsung was "aware of the fact that its [p]roducts emit harmful pollutants" because it allegedly "monitors and keeps track of research on the health effects of its product" as part of the "diligence that large companies like [Samsung] routinely do." *Id.* ¶ 25. Such conclusory and vague pleading falls well short of satisfying *Twombly* and *Iqbal*. *See, e.g.*, *Munch v. Sears, Roebuck & Co.*, 2008 WL 4450307, at *5–6 (N.D. Ill. Sept. 30, 2008) (dismissing for failure to allege facts demonstrating pre-sale knowledge of alleged defects).

**3. Plaintiff's Fraudulent Omission Claim Fails to Allege a Duty to Disclose**

Plaintiff's fraudulent omission claim also fails to adequately allege the requisite duty to disclose. A duty to disclose in Illinois arises when "(1) the plaintiff and defendant are in a fiduciary or confidential relationship; or (2) where the plaintiff places trust and confidence in the defendant, thereby placing the defendant in a position of influence and superiority over the plaintiff,"

frequently called a "special trust relationship." *Rodriguez*, 596 F. Supp. 3d at 1058. A confidential relationship mirrors a special trust relationship, existing "when a plaintiff puts sufficient trust [in] a defendant that the latter is in a position of 'influence and superiority' over [him]." *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 13 (Ill. App. Ct. 2001); *accord Toulon*, 877 F.3d at 739 (affirming dismissal for failure to plead facts supporting duty to disclose). Plaintiff, however, pleads *no* facts giving rise to such a relationship between Samsung and Plaintiff. Thus, Plaintiff fails to allege a duty to disclose, warranting dismissal of his fraudulent omission claim.

**4. Plaintiff Does Not Plausibly Allege an Actionable Omission Under the ICFA**

To the extent Plaintiff's ICFA claim is premised on a purported omission, it also fails. An "omission" under the ICFA is "an omission from communication rather than a general failure to disclose." *See Darne v. Ford Motor Co.*, 2017 WL 3836586, at *10 (N.D. Ill. Sept. 1, 2017) (dismissing ICFA omission claim for failure to identify any communication from defendant where defendant did not disclose the alleged defective parts). "[A]n omission is not actionable fraud if it gives rise to an 'incomplete' as opposed to affirmatively 'false impression.'" *Gouwens v. Target Corp.*, 2022 WL 18027524, at *3 (N.D. Ill. Dec. 30, 2022) (Johnston, J.). Plaintiff does not identify a single communication he received from Samsung containing a deceptive omission. *See, e.g.*, *Fleury v. Gen. Motors LLC*, 2023 WL 1450284, at *5 (N.D. Ill. Feb. 1, 2023) (dismissing ICFA omission claim where plaintiff did not "connect[] the dots between the purported omission and a particular communication by [defendant] which he relied on"); *Rodriguez*, 596 F.Supp.3d. at 1057 (same). Nor has Plaintiff identified any specific "untruths on the packaging" or other materials from Samsung. *See Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022). His omission-based ICFA claim fails.

**C. Plaintiff's ICFA Claim Fails for Additional Pleading Deficiencies**

Plaintiff's ICFA claim is replete with other fatal deficiencies as well.

First, Plaintiff has not identified with particularity any misrepresentation on which he relied, thereby defeating the proximate causation required by the ICFA. Plaintiff alleges vaguely that Samsung made "representations that the Product is safe for cooking inside the home" and that he "relied on the representations on the marketing materials and online product page disclosing risks," which "did not disclose or warn that the product emitted harmful pollutants." Compl. ¶¶ 37, 40. But nowhere does Plaintiff identify the actual *content* of the purported misrepresentation, or where, when, or how it was made. *See, e.g.*, *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 718–19 (N.D. Ill. 2020) (dismissing ICFA claim for failing to describe with particularity the time, place, and content of the representations on which plaintiff relied); *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1007 (N.D. Ill. 2017) (same). Nor does Plaintiff allege that *he personally* saw and relied on any purported misrepresentation before buying his range and incurring injury. *See, e.g.*, *O'Connor*, 477 F. Supp. 3d at 719 (proximate cause inadequately pled absent "a plausible link tying any particular statement by Defendant to Plaintiff's purchase of the Vehicle").

Second, Plaintiff's ICFA claim does not plausibly allege actual damages under the ICFA. Although Plaintiff claims financial injury, he does not also allege actual damages as required under the ICFA, specifically that his range does not work as intended for cooking. "In cases where the plaintiff's claim of financial injury under the ICFA has been upheld as the basis for damages, the complaint also alleged that the plaintiff experienced the product not working." *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 673 (N.D. Ill. 2016). In *Spector*, for example, the court rejected the plaintiff's damages claim because the plaintiff "provided no factual basis for inferring she was injured . . . by not experiencing the . . . promise[s] on the Product's packaging." *Id.* Plaintiff's claim here likewise lacks factual support and warrants dismissal.

Third, Plaintiff fails to plead an ICFA "unfair practices" claim. Properly construed,

Plaintiff's claim sounds in fraud and "deception," and turns exclusively on Samsung's purported fraudulent omission of an alleged defect in Plaintiff's gas range. While Plaintiff adds conclusory "language of unfairness, his allegations of 'unfair practice' are clearly premised upon the primary claim that" Samsung failed to disclose the alleged defect. *Camasta*, 761 F.3d at 737; Compl. ¶¶ 47(2), 74, 75, 78. "[N]owhere does he allege any unfairness separate and apart from the deception;" thus "his ICFA claim is limited to a deceptive practices claim." *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1007 (N.D. Ill. 2015); *see also Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 464 (7th Cir. 2014) (because "[w]hat is deceptive is also unfair," allegations of deceptive unfairness do not preserve a non-deceptive unfairness claim under ICFA). Accordingly, the Court should dismiss Plaintiff's conclusory, tagalong ICFA unfairness claim.

## IV. Plaintiff's Quasi-Contract Claim Fails

Plaintiff's "quasi-contract" claim is effectively an unjust enrichment claim since it seeks restitution for an allegedly unjust benefit Plaintiff conferred on Samsung. *See* Compl. ¶¶ 111–15. It cannot proceed for several reasons. First, it is premised on the same allegations underlying Plaintiff's fraud-based claims, specifically that Samsung received an unjust benefit from Plaintiff when he bought an allegedly defective gas range without a proper warning, and Samsung "knew and appreciated the benefit they incurred." *See id.* ¶ 112. Like Plaintiff's fraud claims, his unjust enrichment claim fails under Rule 9(b). *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, . . . [it] will stand or fall with the related claim."); *O'Connor*, 477 F. Supp. at 720–21 (dismissing unjust enrichment claim premised on same fraud allegations under Rule 9(b)).

Second, Plaintiff's unjust enrichment claim fails because Illinois law does not permit an action in quasi-contract where, as here, there is a valid, express contract that covers the subject matter of the parties' dispute. *See Lantz v. Am. Honda Motor Co.*, 2007 WL 1424614, at *12 (N.D.

Ill. May 14, 2007). "A written warranty is a contract." *Snyder v. Komfort Corp.*, 2008 WL 2952300, at *4 (N.D. Ill. July 30, 2008). In Illinois, "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Lantz*, 2007 WL 1424614, at *12 (quotation marks omitted) (dismissing unjust enrichment claim because plaintiffs had "an adequate remedy at law under the warranty provisions of their purchase agreements"). Because the Limited Warranty that came with Plaintiff's range is a binding agreement that governs Plaintiff's range purchase, it provides Plaintiff with an adequate remedy at law, and Plaintiff may not recover under a claim in quasi-contract, such as unjust enrichment.

**V. Plaintiff Lacks Standing to Assert Claims for Non-Purchased Products**

Despite purchasing just one Samsung gas range, Plaintiff attempts to assert claims concerning *all* Samsung gas appliances. *Compare* Compl. ¶ 4, *with id.* ¶ 36. But Plaintiff lacks Article III standing to bring claims concerning gas appliances he did not buy. Courts in this district refuse to recognize a plaintiff's standing to assert claims for products he did not buy. *See Porter v. NBTY, Inc.*, 2016 WL 6948379, at *3 (N.D. Ill. Nov. 28, 2016) ("Plaintiffs cannot establish an injury-in-fact caused by products plaintiffs did not purchase and so there is no case or controversy with respect to these products."). For example, in *Gubala*, the court refused to allow plaintiffs to assert standing "through the back door of a class action" for claims to supplements plaintiffs did not buy because they were "two different products that have different product formulations and labels." *Gubala v. Allmax Nutrition, Inc.*, 2015 WL 6460086, at *3–4 (N.D. Ill. Oct. 26, 2015).

Plaintiff similarly does not have standing here. Although some courts in this Circuit have allowed plaintiffs to proceed on claims for products they did not buy when they have plausibly alleged those products were "substantially similar" to those at issue in the lawsuits, Plaintiff pleads *no facts* describing how his gas range bought in 2021 is "substantially similar" to all of Samsung's other gas-fired appliances with respect to the products' formulations, labels, or otherwise. *See*

Compl. ¶ 13. Accordingly, his claims related to products he did not buy should be dismissed.

## VI. Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff lacks standing to seek "prospective injunctive relief." *See* Compl. ¶ 40. "Most courts . . . agree . . . that consumer plaintiffs cannot pursue injunctive relief if they are already aware of the alleged deceptive practice" because they do not face a "sufficiently imminent and substantial" "real and immediate threat of future violations of their rights." *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *10 (N.D. Ill. Mar. 1, 2022) (alterations in original) (citation and quotation marks omitted). Where, as here, a plaintiff has alleged that they would not have bought a product had they not been deceived, courts in the Seventh Circuit have repeatedly dismissed requests for injunctive relief because, a plaintiff that knows a product is deficient is "unlikely to be harmed" by the alleged deception in the future. *Id.* (citing *Camasta*, 761 F.3d at 740–41).[6] Since Plaintiff is "now aware of [Samsung's] sales practices, he is not likely to be harmed by [them] in the future," and lacks standing to seek prospective injunctive relief.[7] *See Camasta*, 761 F.3d at 741.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

---

[6] *See also, e.g.*, *Hodorovych*, 2023 WL 3602782, at *2, *5 (dismissing injunctive relief request for lack of standing where plaintiff alleged "he would not have purchased the Product, or would have paid less for it" had he not been deceived); *In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, 2017 WL 2215025, at *8 (N.D. Ill. May 19, 2017) (same, alleging where plaintiffs alleged they would not have purchased the allegedly misleadingly labeled bought herbal supplements "had they known the truth about them").

[7] Plaintiff's assertion that Samsung will continue to advertise, promote, and sell the appliances to others absent injunctive relief does not save his request either. *See* Compl. ¶ 40. "A named plaintiff who lacks standing for injunctive relief cannot seek an injunction on behalf of a class, even if the class does not yet know that it was duped." *Curtis v. 7-Eleven, Inc.*, 2022 WL 4182384, at *11 (N.D. Ill. Sept. 13, 2022).

Dated: June 5, 2023

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Valarie Hays*
Valarie Hays
70 West Madison Street
Suite 4200
Chicago, IL 60602-4231
Tel.: 312.583.2300
Fax: 312.583.2360
Valarie.Hays@arnoldporter.com

Arthur E. Brown (*pro hac vice forthcoming*)
Lori B. Leskin
Elie Salamon (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.8000
Fax: 212.836.8689
Arthur.Brown@arnoldporter.com
Lori.Leskin@arnoldporter.com
Elie.Salamon@arnoldporter.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2023, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record, constituting service pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

*/s/ Valarie Hays*
Valarie Hays